FILED

**NOT FOR PUBLICATION**

OCT 10 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> STEVE WAYNE CAMP, <br><br> Defendant - Appellant. | No. 11-36079 <br><br> D.C. No. 9:11-cv-00101-DWM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 8, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Steve Camp appeals the permanent injunction entered by the district court

following a jury verdict in favor of American National Property and Casualty

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Company in its action to enforce the parties' non-compete and trade secret agreements. We dismiss in part and affirm in part.

Camp's challenges to paragraphs one and two of the permanent injunction are moot because by their explicit terms they expired on the same date – March 3, 2012 – as the non-compete agreement which they enforced. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (challenges to an injunction that has expired on its own terms are moot unless the "capable of repetition yet evading review" exception applies).

Contrary to Camp's assertion, paragraph three of the permanent injunction, which concerns trade secrets, does not impose on Camp a perpetual obligation to preserve American National's records. Rather, the plain language only prohibits Camp from "using" American National's trade secrets and "spoiling" American National's records, nothing more.

AFFIRMED IN PART AND DISMISSED IN PART.